**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DIANA MOONEY,<br><br>          Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner, Social Security<br>Administration,<br><br>          Defendant. | Case No. 08-CV-568-FHM |

## OPINION AND ORDER

Plaintiff, Diana Mooney, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1] Plaintiff's July 18, 2005, protectively filed applications for disability benefits under Titles II (DIB) and XVI (SSI) were denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held February 8, 2008. By decision dated March 17, 2008, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on August 8, 2008. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was 33 years old on the alleged disability onset date and 43 on the date of the ALJ's decision.  She has a high school diploma and competed two semesters of college.  She formerly worked as a cabinet door maker.  She claims to have been unable to work since January 1, 1999, as a result of degenerative disc disease, carpal tunnel syndrome, depression, and anxiety.  The ALJ determined that Plaintiff retains the ability to perform sedentary work, except she is to avoid work above the shoulder level. [R. 14].  The ALJ determined that Plaintiff is unable to perform her past relevant work.  Based on the testimony of the vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations.  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence. Specifically, Plaintiff argues that: the ALJ failed to properly consider the opinions of her treating physicians; the ALJ failed to properly consider her credibility; and the residual functional capacity (RFC) findings are not supported by substantial evidence.  For the reasons expressed below, the Court holds that the existing record and findings will not

support the denial of benefits on the ALJ's stated rationale and, therefore the decision must be REVERSED and the case REMANDED for further proceedings in conformity with this Opinion and Order.

Plaintiff applied for benefits under Title II, Disability Insurance Benefits (DIB), and also under Title XVI, Supplemental Security Income (SSI).  The time frame under consideration is different for each of the programs.  For the DIB claim, the relevant period is from the alleged disability date, January 1, 1999, through September 30, 1999, the date last insured.  The relevant time period for the SSI claim is the protective filing date, July 18, 2005, through the date of the ALJ's decision, March 17, 2008.  Since there are two time frames which span a period of ten years under consideration, and since there is no overlap between those time frames, the clarity and accuracy of the ALJ's analysis would have been aided by separate consideration of those time frames.  Evidence that pertains to the 2005 to 2008 time frame does not appear to be relevant to Plaintiff's condition in 1999.[2]  Considering that the medical record shows that Plaintiff's condition changed over time, combining the distinct time frames into a single analysis makes effective judicial review of the decision difficult.  On remand, the ALJ is to clarify his analysis by considering the two distinct time frames separately.

The court finds that the ALJ did not properly consider the opinions of Plaintiff's treating physicians.  Two of Plaintiff's treating physicians and the state agency reviewing

---

[2] On August 25, 2004, an anterior cervical discectomy and fusion with bone harvest was performed for intractable neck and bilateral shoulder and arm pain, secondary to herniated disk and stenosis at C5-6 and C6-7. [R. 352].  On February 28, 2006, a redo of the surgery was performed and confirmed the existence of pseudarthrosis. [R. 186].  Pseudarthrosis is an unsuccessful union of the previous fusion. [R. 186].  *See Tabors Cyclopedic Medical Dictionary*, 17th Edition, at p. 1619.

The medical records from late 1998 relate to drug abuse, [R. 369-405], and records from 1999 and 2000, [R. 406-414], relate to the evaluation of hand complaints.

physicians all indicated Plaintiff had some limitation in the use of her arms and hands. Treating physician, Dr. Tidwell, stated Plaintiff was limited in the use of her feet and hands supported by the fact that she had a neck fusion surgery which failed and was being considered for a repeat surgery. [R. 215, 216]. Another treating physician, Dr. Hopper, stated that Plaintiff was limited to using her arms and hands only occasionally. [R. 178]. The state agency reviewing physician stated that due to her cervical fusion and discectomy, Plaintiff was limited to performing push/pull activities less than frequently. [R. 260].

Social Security Ruling 96-8p provides: "The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." 1996 WL 374184 *7. The ALJ's RFC did not include any hand, arm, or push/pull limitations, nor did his decision contain any discussion or rejection of those limitations. Because there was no discussion of these limitations, the court cannot determine whether the limitations were rejected or overlooked. Consequently, the decision must be reversed for the ALJ to consider and discuss these opinions in accordance with SSR 96-8p.

The court rejects Plaintiff's complaints about the ALJ's rejection of the other aspects of Dr. Hopper's opinion and the rejection of Dr. Tidwell's opinion concerning Plaintiff's mental functioning. The court finds that the ALJ gave specific legitimate reasons for rejecting those opinions.

The Commissioner is entitled to examine the medical record and to evaluate a claimant's credibility in determining whether the claimant suffers from disabling pain. *Brown v. Bowen*, 801 F.2d 361, 363 (10th Cir. 1986). Credibility determinations made by an ALJ are generally treated as binding upon review. *Talley v. Sullivan*, 908 F.2d 585, 587

(10th Cir. 1990). The ALJ's decision included a statement that Plaintiff's limited daily activities cannot be verified with any reasonable degree of certainty. [R. 19]. The inclusion of that statement is troubling. 20 C.F.R. § 404.1529 (c)(3)(i) states that the claimant's daily activities will be taken into account. There is no requirement that daily activities be "objectively verified with any reasonable degree of certainty." [R. 19]. Rather, than being "objectively verified" [R. 19], a feat that may not even be possible, the regulations state that the claimant's statements will be evaluated "in relation to the objective medical record." 20 C.F.R. § 404.1529 (c)(4).

However, even though the ALJ included language that misstates the standard to be applied to credibility determinations, the inclusion of that statement in this case does not render the remainder of the credibility determination infirm. The court finds that the ALJ considered appropriate factors in evaluating Plaintiff's allegations of disabling pain and appropriately recited the specific evidence he relied on in considering those factors, as required by *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). The ALJ noted that Plaintiff's hearing testimony about her daily activities differed from her previously submitted function report and the ALJ appropriately took into account Plaintiff's weak work history. The ALJ also relied on Dr. Tidwell's opinion that Plaintiff could perform light work. [R. 19]. Plaintiff essentially disagrees with the weight the ALJ gave to the factors he cited. However, the Court may not reweigh the evidence on appeal. Furthermore, the ALJ's consideration of the RFC in light of the physicians' opinions on Plaintiff's use of her hands and arms will, of necessity, require that the ALJ revisit Plaintiff's credibility with regard to those alleged limitations.

Based on the foregoing analysis, the ALJ's decision is REVERSED and the case is REMANDED for further proceedings.

SO ORDERED this 3rd day of August, 2009.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE